DANIAL LAIRD
Nevada Bar #11831
dan@lairdlaw.com
JAMAL K. ALSAFFAR, *pro hac vice*
Texas Bar #24027193
jalsaffar@nationaltriallaw.com
TOM JACOB, *pro hac vice*
Texas Bar #24069981
tjacob@nationaltriallaw.com
7500 Rialto Blvd
Bldg. Two, Ste. 250
Austin, Texas 78735
*Attorneys for the Plaintiffs*

NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar No. 13644

BRIANNA SMITH
Assistant United States Attorney
Nevada Bar No. 11795
501 Las Vegas Boulevard, South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336
Brianna.Smith@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| BLAKE and JENNA MILLER, Individually and on Behalf of C.M., a Minor Child,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Case No. 2:19-cv-01293-APG-VCF<br><br>**Joint Discovery Plan and Scheduling Order**<br><br>**(Special Scheduling Review Requested)** |

Pursuant to Federal Rule of Civil Procedure 26 and Local Rule 26-1, the parties submit the following proposed Discovery Plan and Scheduling Order.

**I.      Initial Matters**

    **A.** **Meeting**: Pursuant to Fed. R. Civ. P. 26(f), the undersigned parties, by and through their respective counsel, conferred on October 10, 2019.  Jamal Alsaffar and Tom Jacob, Esq. represented Plaintiff and Brianna Smith, Esq. represented the United States of America on behalf of the United States of America.

    **B.** **Parties Position on Alternative Dispute Resolution:** The parties have considered the nature and basis of their claims and defenses and the possibility for promptly settling or resolving the case. At this time, the parties believe discovery should commence.

    **C.** **The Parties' Position on Trial by United States' Magistrate Judge and/or Short Trial Program:**  Under Fed. R. Civ. P. 73, a United States Magistrate Judge may "conduction a civil action or proceedings," if "all parties consent." The parties do not consent to having the United Sates Magistrate Judge preside over all aspects of this case and they do not consent to use of the short trial program at present.

**II.     Initial Disclosures**

    Pursuant to Fed. R. Civ. P. 26(a)(1), the parties agree to provide initial disclosures by **Friday, November 8, 2019.**

**III.    Areas of Discovery**

    The parties agree that the areas of discovery should include, but not be limited to, all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

**IV.    Discovery Cut-off Dates**

    Discovery will be needed on the following subjects:  All claims set forth in Plaintiff's Complaint as well as the defenses relevant to the action.  The parties will respond to their respective discovery requests, and they will conduct depositions, including but not limited to those of the Plaintiffs, percipient witness(es), treating physicians and medical providers. Defendant may seek medical evaluations under Fed. R. Civ. P. Rule 35. To the extent an evaluation is sought, parties agree to meet and confer regarding scope and limits. Either party may disclose medical and/or other experts.

The parties agree that 270 days will be needed for discovery. The parties request additional time because many of the treating physicians and witnesses are military stationed in different parts of the country and world and some are presently on a military deployment which could prevent the timely conclusion of discovery. The parties jointly propose to the Court the following discovery schedule:

| | | |
|---|---|---|
| A. | Discovery Cut-Off | May 19, 2020 |
| B. | Amending Pleadings | February 19, 2020 |
| C. | Adding Parties | February 19, 2020 |
| D. | Expert Disclosures | March 19, 2020 |
| E. | Rebuttal Expert Disclosures | April 20, 2020 |
| F. | Interim Status Report | March 19, 2020 |
| G. | Dispositive Motions | June 18, 2020 |
| H. | Pre-Trial Order | July 20, 2020[1] |

**V.      Court Conference**

If the Court has questions regarding the dates proposed by the undersigned parties, the parties request an opportunity for a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

**VI.     Extensions Or Modifications Of Discovery Dates**:

Local Rule 26-4 governs modifications or extensions of this Discovery Plan and Scheduling Order. According to the rule, "[a]ll motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the court no later than twenty-one (21) days before the expiration of the subject deadline."

---

[1] If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order. LR 26-1(b)(5).

**VII.     Format Of Discovery**:

Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the undersigned parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. Each party reserves the right to make a showing for the need of such electronic data as discovery progresses to include the following: electronic fetal monitor strips—whether they be the original print outs or electronically stored information concerning fetal monitoring; audit trials of the access to and changes of Plaintiffs' medical records; and electronic alerts or communications presented to or by providers. Parties have discussed the preservation of the following types of evidence: electronic fetal monitor strips—whether they be the original print outs or electronically stored information concerning fetal monitoring; audit trials of the access to and changes of Plaintiffs' medical records; and electronic alerts or communications presented to or by providers.

Parties agree to uniquely bate stamp production and agree Parties may use of electronic exhibits in deposition of previously produced documents by reference to the unique bate stamp numbers.

**VIII.    Discovery Disputes:**

All discovery disputes in this case shall be governed by the provisions of Local Rule 26-7. The parties agree to employ good faith efforts to resolve all discovery disputes prior to seeking intervention by the Court.

**IX.     Presentation of Electronic Evidence to Jury**:

The parties discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations. At this time, the parties have not made any stipulations regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

Respectfully submitted this 18th day of October 2019.

| | |
|---|---|
| Whitehurst, Harkness, Brees, Cheng, Alsaffar, Higginbotham & Jacob, PLLC | NICHOLAS A. T`RUTANICH<br>United States Attorney |
| */s/ Jamal Alsaffar*<br>JAMAL ALSAFFAR<br>7500 Rialto Blvd.<br>Bldg. Two, Suite 250<br>Austin, Texas 78735 | */s/ Brianna Smith*<br>BRIANNA SMITH<br>Assistant United States Attorney<br>*Attorneys for the United States* |
| *Attorneys for Plaintiffs* | |

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**
**DATED:** 10-21-2019

5