NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar No. 13644

BRIANNA SMITH
Assistant United States Attorney
Nevada Bar No. 11795
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Brianna.Smith@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Blake and Jenna Miller, individually and on behalf of C.M., a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Case No. 2:19-cv-01293-APG-VCF<br><br>**Defendant United States of America's Motion to Extend Deadlines**<br>**(Second Request)** |

Pursuant to LR IA 6-1 and LR IA 1-3(f), Defendant United States of America ("Defendant") respectfully moves for an extension of all deadlines for 90 days. This motion is submitted 21 days before the June 17, 2020 due date for expert disclosures. This is the second request to extend the scheduling order (ECF No. 35).

**A.    Relevant History**

This is a complex medical malpractice case arising from pre and post-natal care rendered at Nellis Air Force Base's Mike O'Callaghan Federal Medical Center ("MOFMC"). The complaint allegations implicates numerous medical specialties, and because of that, substantial time and resources have been diligently used to identify and retain experts to review and render opinions in the case. Despite best efforts, due to the complexity of the case, lack of expert funding, and the onset of COVID-19, Defendant seeks to obtain additional time and extend all deadlines 90 days.

B.  **Discovery Completed:**

　　1.  **Defendant:**

On December 10, 2019, Defendant served its first set of discovery requests (interrogatories and requests for production) on plaintiff Blake Miller and the responses have been received.

Through approximately December 2019 and April 2020, Defendant subpoenaed and received medical records from all of the plaintiffs' disclosed medical providers.

Defendant began scheduling plaintiffs' depositions and a defense IME of C.M., to occur in Texas, just before COVID-19 restrictions were placed in March. As a result of COVID-19 concerns and then ultimately the restrictions, plaintiffs' depositions were vacated and the IME was not scheduled.

Defendant has retained numerous medical experts to review this case and render opinions on the implicated care alleged in the Complaint. However, Defendant is awaiting approval to retain two additional experts which has been delayed due to a lack of funding for experts and other delays related to COVID-19.

To date, Defendant has served nine Fed. R. Civ. P. Rule 26 disclosures of witnesses and documents on November 8, 2019 (initial disclosure); February 10, 2020 (first supplement); February 14, 2020 (second supplement); February 21, 2020 (third supplement); February 28, 2020 (fourth supplement); March 6, 2020 (fifth supplement); March 18, 2020 (sixth supplement); March 27, 2020 (seventh supplement); April 16, 2020 (eighth supplement); May 1, 2020 (ninth supplement). Together, these supplements comprise of almost 7000 pages of records.

　　2.  **Plaintiffs:**

Plaintiffs served its initial disclosure (November 28, 2019) and one supplemental disclosure (January 23, 2020).

On March 18, 2020, which was on or around the day of the Nevada Governor's stay-at-home order, plaintiffs served voluminous discovery on Defendant (20

interrogatories, 65 requests for production and 45 requests for admissions). The responses to these requests are currently due May 18, 2020.

**C.     Discovery Remaining:**

Currently, Defendant is diligently responding to plaintiffs' voluminous discovery requests. Due to Defendant employees' telework schedule (some MOFMC employees on split schedules) and other-related teleworking restrictions, the parties in good faith conferred and extended Defendant's discovery responses to May 18, 2020. Defendant has been diligently working on those discovery responses and producing responsive information as it is obtained. However, due to the voluminous requests, Defendant will likely request additional time to provide responses to those requests which the parties will separately discuss and most certainly resolve.

During the parties' most recent meet and confer, the parties agreed in principle to conduct the defense IME virtually, with the reservation that should an in-person IME be necessary due to potential limitations of the "virtual" IME that Defendant can have one performed in advance of trial at a mutually convenient time and place. In addition, plaintiffs will not attempt to challenge Defendant's expert on the basis that an in-person IME was not conducted due to COVID-19. Once the IME is completed, it is anticipated that at least two of Defendant's experts will rely upon the IME expert to finalize their opinions. Defendant provided dates to plaintiffs for potential IME dates in May but have not yet received confirmation of any date for the IME.

Plaintiffs have also expressed an interest in deposing at least three of the involved medical providers (with many more anticipated). The parties have reached an impasse with respect to the method that should be utilized for the provider depositions. Plaintiffs request to take the depositions via Zoom[1] and Defendant requests that the depositions as to any providers which plaintiffs have made allegations of malpractice be taken by video

---

[1] Initially, there was a Department of Defense ban on the use of Zoom. However, those restrictions have been altered and as a result Defendant's counsel can now consider the use of Zoom for any depositions that do not involve any MOFMC witnesses where there are claims of malpractice.

conferencing during a time when Defendant's counsel can be present to adequately defend the depositions.

Initial and rebuttal expert disclosures and expert depositions will also take place once expert disclosures are made.

**D.   Why Remaining Discovery Has Not Been Completed:**

Under Local Rule 26-4

> [a] motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

The United States brings this motion twenty-one (21) days before the expert disclosure deadline on June 17, 2020.  Accordingly, Defendant must show good cause exists for an extension.

The primary reason discovery has not been completed is due to the complexity of the medical issues involved.  Defendant has diligently researched and retained necessary experts, however, further complicating timely completion of discovery was due in part to Nevada USAO's lack of expert funding (affecting the retention of two experts) and the onset of COVID-19 which prevented Defendant from completing an IME and conducting plaintiffs' depositions.  Teleworking due to COVID-19 has substantially delayed the answering of discovery because MOFMC personnel have been working split schedules or working remotely where information could not be readily searched and obtained.  As responsive information to plaintiffs' discovery requests is obtained, Defendant has and continues to make seasonable supplemental Rule 26 disclosures.

Therefore, Defendant believes there is good cause for extending the remaining deadlines. The requested extension of time is not sought for any improper purpose. Rather, it is sought solely for the purpose of allowing sufficient time to conduct discovery.

**E.     Good Faith Meet and Confers Pursuant to LR IA 1-3(f):**

The parties have met and conferred telephonically and in follow up written correspondence several times regarding the need to extend deadlines in light of COVID-19 restrictions, Defendant's inability to schedule and conduct an in-person IME (and complete several expert reports due to that issue), plaintiffs' deposition scheduling, the Nevada USAO expert funding, and depositions of the treating providers. While Defendant had been taking a watch and wait approach due to the evolving COVID-19 restrictions, it is now necessary to seek court intervention given the pending expert disclosure deadline of June 17, 2020. The parties most recently met and conferred on May 6, 2020, in which Brianna Smith participated on behalf of Defendant and Jamal Alsafaar and Tom Jacob appeared for Plaintiffs. Plaintiffs are agreeable to a 30-day extension, and while Defendant is appreciative of this extra time, Defendant does not believe that 30 days will be sufficient to address all of the outstanding discovery that remains.

**F.     Proposed Discovery Schedule:**

The following outlines the current discovery deadlines and the United States' proposed extended deadlines:

| Scheduled Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Discovery Cut-Off | 8/27/2020 | 11/25/2020 |
| Interim Status Report | 6/17/2020 | 9/15/2020 |
| Expert Disclosure | 6/17/2020 | 9/15/2020 |
| Rebuttal Expert Disclosure | 7/20/2020 | 10/19/20 |
| Dispositive Motions | 9/16/2020 | 12/15/2020 |
| Joint Pre-Trial Order | 10/19/2020 | 1/17/2021 |

1   Defendant United States respectfully requests that this Court extend the discovery period by ninety (90) days as outlined in accordance with the table above.

Respectfully submitted this 11th day of May, 2020.

                NICHOLAS A. TRUTANICH
                United States Attorney
                District of Nevada

                */s/ Brianna Smith*
                BRIANNA SMITH
                Assistant United States Attorney