UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BLAKE and JENNA MILLER, Individually and on Behalf of C.M., a Minor Child,<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | Case No.: 2:19-cv-01293-APG-VCF<br><br>**Order Denying Motion for Appointment of Expert**<br><br>[ECF No. 50] |

The United States moves for appointment of a neutral expert under Federal Rule of Evidence 706. ECF No. 50.  It argues that a neutral diagnostic radiologist with expertise in the review of fetal anatomy ultrasounds will help in the evaluation of "a key issue of this case, namely, the applicable standard of care required of a diagnostic radiologist interpreting a 20-week fetal anatomy ultrasound." *Id.* at 7.  The plaintiffs oppose this request as unnecessary, given that both parties have retained numerous experts, including "two on each side [who have] opined and testified on the radiology issue alone." ECF No. 51 at 2.

Rule 706 permits district courts, in their discretion, to appoint a neutral expert.  "Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case." *Johnson v. Dunnahoe*, Case No. 1:08-cv-000640-LJO-DLB PC, 2013 WL 396009, at *2 (E.D. Cal. Jan. 31, 2013).  "The fact that the parties' experts have a divergence of opinion does not require the district court to appoint experts to aid in resolving such conflicts." *Oklahoma Natural Gas Co. v. Mahan & Rowsey, Inc.*, 786 F.2d 1004, 1007 (10th Cir. 1986) (citing *Georgia-Pacific Corp. v. U.S.*, 640 F.2d 328, 334 (Ct. Cl. 1980)).

Here, both parties have retained several experts—including four on the specific radiology issues—all of whom are apparently qualified to offer opinions on the relevant issues.

The appointment by this Court of yet another expert is not likely to enlighten or enhance the ability of the Court to determine the pending issue. While appointment of an expert by the Court would ultimately add an additional witness to one side or the other, it is axiomatic that weight of the evidence is not to be determined by the number of witnesses that testify. Where as here, the experts retained by the parties are well qualified and capable of presenting sufficient information to permit a just resolution of the pending issue, appointment of yet another expert is not warranted.

*Mallard Bay Drilling, Inc. v. Bessard*, 145 F.R.D. 405, 406 (W.D. La. 1993). Here, the adversarial process should be sufficient to allow the parties to present and cross-examine the expert testimony. A court-appointed expert is not necessary.

I THEREFORE ORDER that the United States' motion for appointment of an expert **(ECF No. 50) is denied**.

DATED this 14th day of April, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE